329 So.2d 766 (1976)
Jerry D. OWENS, Plaintiff-Appellant,
v.
Johnson ROBINSON, Defendant-Appellee.
No. 12845.
Court of Appeal of Louisiana, Second Circuit.
March 15, 1976.
Kidd, Katz & Strickler by Paul Henry Kidd and George M. Strickler, Jr., Monroe, for plaintiff-appellant.
Hamilton, Carroll & Miller by Orlando N. Hamilton, Jr., Oak Grove, for defendant-appellee.
Before BOLIN, HALL and SMITH, JJ.
HALL, Judge.
Jerry D. Owens, plaintiff-appellant, appeals a decision of the district court denying his demand for $12,456.60 in damages for an alleged breach of a forward booking cotton contract by defendant-appellee, Johnson Robinson.
Owens contends there was error on the part of the district judge in his finding that he, Owens, had breached the contract for the forward sale of his 1973 cotton crop by not making timely delivery and in the judge's refusal to bind defendant-appellee Johnson to the contract absent a demand by Johnson on Owens for performance.
On September 17, 1973, Owens and Johnson entered into an agreement whereby Owens agreed to sell and Johnson to buy 155 acres of cotton grown by Owens in West Carroll Parish in 1973 at an average price of $.70 per pound. The cotton was to be warehoused by December 15, 1973. On March 7, 1973, however, Owens had entered into an agreement to sell the same cotton for approximately $.30 per pound to Frank M. Weathersby, Jr. This agreement, between Owens and Weathersby, was negotiated through the agency of McDade Cotton Company.
On October 8, 1973, Weathersby sued Owens on their contract. A temporary restraining order was issued prohibiting Owens from disposing of the cotton that same date, and a preliminary injunction to that *767 effect issued November 14, 1973. This suit was compromised May 22, 1974, and on that day Owens called on Johnson to accept delivery of the cotton. Johnson refused and Owens sold the cotton on the open market for $.50. This suit resulted with Owens seeking recovery of the difference between the contract price and the price for which he sold his cotton, his calculation being the $12,456.60 demanded.
It is unclear whether Johnson knew of the prior contract before he entered into his agreement with Owens or whether he learned of it shortly thereafter. The testimony is clear, though, to the effect that Owens advised Johnson that at least two competent attorneys were of the opinion the Owens-Weathersby contract was invalid.
No demand was ever made by Johnson for delivery of the cotton. The trial judge held that such a demand would have been a vain and useless act because of the injunction. He also held that time was of the essence in a contract of this nature because of the volatibility of the cotton market. He pointed out that one would be hard-pressed to estimate the price of cotton from day to day during the period covered by this contract.
If no time for performance is stated in a contract, a reasonable time is to be determined from the circumstances surrounding the formation of the contract and how the parties themselves looked upon the time element. Perrin v. Hellback, 296 So.2d 342 (La.App. 4th Cir. 1974) writ denied 300 So.2d 184; LSA-C.C. Art. 2050.
The trial court determined a reasonable time period for performance of this contract could not extend to May 22, 1974. A reasonable time for delivery under the agreement would have been sometime shortly after December 15, 1973, the warehouse date specified therein.
We believe the trial court correctly decided that Owens breached the contract by failing to deliver prior to May 22, 1974, more than five months after delivery to the warehouse was required, and that Johnson was under no obligation to perform at that late date. Time was of the essence in this contract dealing with a commodity traded in a volatile market. See Haskins Trading Co. v. S. Pfeifer and Co., 14 La.App. 568, 130 So. 469 (1930). Failure on the part of the seller to deliver within a reasonable time was a breach of the contract and gave the buyer the right to have the contract dissolved. Demand for performance or for dissolution, or putting in default, was unnecessary. Demand for performance would have been vain and useless. Demand for dissolution is unnecessary and may be urged by exception or defense, which is itself a putting in default. LSA-C.C. Art. 2047. See Williams, et al. v. Harrell, 132 La. 1, 60 So. 699 (1913).
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.