WATKINS, Judge.
Plaintiff, Julius W. Cerdes (Cerdes), a contractor, filed this suit seeking, among other things, to recover the remaining amount due under a building contract and certain “extras” allegedly necessitated by requested change orders. Made defendants were Howard R. Wright (Wright), the prospective owner of the home which Cerdes contracted to build, and Ponchatoula Homestead Association (Ponchatoula), which financed the building for Wright. Wright answered, denying that Cerdes was entitled to the remainder of the contract price, and reconvened, seeking a reduction of the contract price due to redhibitory defects, liquidated damages for delay on Cerdes’ part, attorney’s fees, and mental anguish. Wright also third-partied Ponchatoula, seeking damages for failure to perfect the building contract and for failure to supervise construction, as well as attorney’s fees. *928 Wright also subsequently made Irene Collins (Collins), Cerdes’ surety on the building contract, a third-party defendant. Poncha-toula deposited the remainder of the contract price ($15,260.00) in the registry of the court and requested the court to disburse the proceeds.
Trial was held March 12 and 13, 1979. During trial, the trial court granted Collins’ oral motion for summary judgment, dismissing her from the case.[1] At the close of trial, the case was taken under advisement by the trial court. Approximately one and a half years later, the trial court issued written reasons for judgment, finding that Cerdes substantially completed the home and awarding him the remainder of the contract price, $15,260.00. However, the trial court also ordered that materialmen’s and laborers’ liens amounting to $10,625.49 be paid from that amount. Further, the trial court found in favor of Wright on his reconventional demand against Cerdes and awarded him a total of $20,387.58, representing $10,000.00 for redhibitory defects in the home; $6,137.58 for the expenses of employing additional contractors to finish the project; $2,250.00 in liquidated damages for delay in completing the home within a reasonable time, and $2,000.00 in stipulated attorney’s fees. The trial court further rendered judgment dismissing Wright’s third party demand against Ponchatoula. From the judgment of the trial court, Cerdes has perfected this suspensive appeal.
The record reveals that Cerdes reached an agreement with Wright whereby Cerdes undertook to construct a home for defendant for a price of $43,150.00. Because Wright could not meet the payment clause specified in their agreement, he sought financing from Ponchatoula, which agreed to finance the construction for Wright. Concomitantly, a building contract was entered into between Cerdes and Ponchatoula, acting as Wright’s agent, whereby Cerdes agreed to construct a home according to plans and specifications submitted by Wright. Cerdes then began construction of the home.
Approximately nine months after the agreement was reached, Wright obtained an injunction ordered Cerdes to stop work on the job due to his delay in completing the job. Subsequently, Wright had other subcontractors complete construction of the house. Shortly thereafter, Cerdes filed suit, initiating the instant litigation.
On appeal, Cerdes contends that the trial court erred in reaching the following factual conclusions:
(1) In finding that Wright requested no change orders;
(2) In finding that Wright did not make any deviations from the plans and specifications upon which they had originally agreed;
(3) In finding that Cerdes was not entitled to an amount above the price set in the contract;
(4) In finding that Wright was entitled to an award of $20,387.58 on his re-conventional demand against Cerdes, and
(5) In finding that Cerdes was liable for the materialmen’s and laborers’ liens amounting to $10,625.49.
The scope of appellate review of factual conclusions of the trial court is limited to a review of the entire record to determine if those conclusions are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Hence, we will scrutinize the record in the instant case in light of that standard of appellate review.
Cerdes’ first and third contentions on appeal are closely related. Cerdes asserts that the trial court erred in finding that Wright had not requested change orders which resulted in extra costs to him.
The record reveals that Cerdes testified that Wright requested change orders which resulted in an extra cost of $3,914.00 to him. Wright denied that he requested these “extras” and no documentary evidence was offered to verify the requests. Under these circumstances, the trial court was correct in rejecting Cerdes’ demand for the extra costs.
*929 Cerdes’ second contention on appeal is that the trial court erred in finding that Wright had not made deviations from the original plans and specifications. Cerdes argues that it was these deviations which resulted in the substandard work of which Wright complains and the alleged delay in completing the job. Again, there is no evidence other than Cerdes’ uncorroborated testimony to support a conclusion that Wright made the alleged deviations. We do not find that the trial court abused its discretion in rejecting that testimony.
Next, Cerdes asserts that the trial court erred in awarding $20,387.50 to Wright on his reconventional demand. Cerdes only generally attacks the award and does not give specific reasons why it should be reduced or eliminated. The first item of the award is $6,137.58 for payments made by Wright to various subcontractors, who completed the job. In support of his claim for these expenses, Wright testified as to the amounts expended to each contractor and introduced his cancelled checks to verify these costs. We find that this item of damages is supported by the record.
The second item of damages specified by the trial court is $2,250.00 in liquidated damages for delay in completion of the project. Cerdes contends that any delay in the project was caused by the alleged change orders and deviations requested by Wright and by inclement weather and shortage of materials in the area. The record reveals that the home was not completed until over nine months after Cerdes and Wright initially reached agreement.
A reading of the building contract shows that the blank providing for a com.pletion date was not filled in. Where no time for performance is stipulated, a reasonable time is implied, to be determined by the circumstances of the case. Owens v. Robinson, 329 So.2d 766 (La.App.2d Cir. 1976); Richard v. Foods and Services, Inc., 162 So.2d 213 (La.App. 1st Cir. 1964), writ denied, 246 La. 347, 164 So.2d 351 (La.1964). In the instant case, the trial court concluded that six months was a reasonable period for completion of the project. It also found that- Cerdes had caused a delay of three months failing to furnish materials and labor to the job site promptly. The trial court then awarded $25.00 per day liquidated damages for the delay as stipulated in the building contract. The evidence in the record supports the trial court’s conclusions. See Arceneaux v. Domingue, supra.
The next item of damages awarded to Wright by the trial court was a $10,-000.00 reduction in the contract price for redhibitory defects. It is well established that when a contractor substantially performs his obligation under a building contract, he is entitled to the contract price less the cost of completion and correction of unfinished or defective work. Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961). Furthermore, damages for redhibitory defects are not available under a building contract. Airco, supra.
In the instant case, the fact that the contract in question is a building contract is not disputed. Moreover, Wright does not dispute, and the record supports, the trial court’s conclusion that Cerdes did substantially perform the contract. Airco, supra. See also Hemenway Company, Inc. v. Bartex, Inc. of Texas, 373 So.2d 1356 (La.App. 1st Cir. 1979), writ denied, 376 So.2d 1272 (La.1979). Hence, Wright was limited to recovery of the costs mentioned above for completion of the unfinished job and may not recover redhibitory damages. Accordingly, the trial court’s judgment will be amended to delete the award of $10,000.00 for reduction of the contract price.
Cerdes also contends that Wright is not entitled to attorney’s fees. However, the building contract specifically provides for attorney’s fees of $2,000.00 to be paid to the owner in the event that any controversy arises under the contract. Hence, the trial court was correct in awarding attorney’s fees pursuant to the contract.
Finally, Cerdes asserts that the court erred in ordering payment of the previously mentioned liens out of the proceeds deposited with the court. In brief, Cerdes *930 does not provide the court with any reason why he should not be required to pay these liens. Our review of the record convinces us that the trial court was correct in its ruling.
For the foregoing reasons, the judgment of the trial court is amended to reduce the award to Howard R. Wright by $10,000.00. In all other respects, the judgment of the trial court is affirmed.
Costs of appeal are to be divided equally between Julius W. Cerdes and Howard R. Wright.
AMENDED AND AFFIRMED.

. The trial court’s dismissal of Collins was not raised as an issue on appeal.