Jamil ABDUL–ALIM AMIN,
Plaintiff-Appellant,

v.

UNIVERSAL LIFE INSURANCE COMPANY OF MEMPHIS, TENNESSEE,
Defendant-Appellee.

No. 82–3725
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 6, 1983.

Jamil Abdul-Alim Amin, pro se.

Brown & Evans, Walter L. Evans, Memphis, Tenn., Ronald C. Davis, New Orleans, La., for defendant-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

PER CURIAM:

The plaintiff, Jamil Abdul-Alim Amin, commenced this breach-of-contract action in the federal district court on August 1, 1982. In its motion to dismiss, filed pursuant to Fed.R.Civ.P. 12(b), the defendant, Universal Life Insurance Company, maintained, *inter alia,* that the federal court did not have jurisdiction to entertain the plaintiff's claim and that the claim was barred by the state period of prescription. After the plaintiff amended his complaint to include allegations that there was diversity of citizenship between the parties and that the relief sought was greater than the jurisdictional prerequisite of $10,000, *see* 28 U.S.C. § 1332, the district court dismissed the plaintiff's action on the ground that it was time-barred under the Louisiana pre-

scription statute. The plaintiff appealed.[1] For the reasons set forth below, we reverse and remand for further proceedings not inconsistent with this opinion.

The plaintiff began to work for the defendant in February, 1968, at its Lake Charles, Louisiana office. The plaintiff alleged in his complaint that in January, 1972, the defendant made an oral agreement to provide him with a written contract to manage the Jackson, Mississippi district if he did a good job as acting manager of the Lake Charles district. On August 2, 1972, Amin quit his job because the defendant had not offered him the promised contract.

█ While a statute-of-limitations defense may be raised in a motion to dismiss under Fed.R.Civ.P. 12(b)(6), such a motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mann v. Adams Realty Co.,* 556 F.2d 288, 293 (5th Cir. 1977) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). In its consideration of a rule 12(b)(6) motion, the court "must accept as true all well pleaded facts in the complaint, and the complaint is to be liberally construed in favor of the plaintiff." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982); *accord,* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 (1969).

█ In this diversity action, the Louisiana prescriptive period is controlling. *See Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Under Louisiana law, a breach of contract action must be brought within ten years of the date that the cause of action arose. La.Civ. Code Ann. § 3544 (West 1953); *Scobee v. Lewis,* 264 So.2d 704, 708 (La.App.), *writ denied,* 262 La. 1179, 266 So.2d 451 (La. 1972). The prescriptive period is computed from the date that the contract was allegedly breached, not from the date that it was entered into, *Deshotels v. Fruge,* 364 So.2d 258, 261 (La.App.1978), and the period continues to run through midnight of the last day of the tenth year. *Breaux v. Broussard,* 116 La. 215, 40 So. 639 (1906) (where period began to run on February 6, 1895, prescription was acquired on February 7, 1905).

The district court summarily dismissed the plaintiff's suit on the ground that it was time barred. The plaintiff argues, however, that his action was timely filed because the defendant's "repeated failure" to give him a written contract constituted a breach that continued until the date he quit. Under the plaintiff's theory of the case, his suit would not be barred by the prescriptive statute because his complaint was filed within the ten-year period. He maintains further that the defendant's failure to pay him bonuses and overrides earned during the second quarter of the year, which were due two weeks after he left the company, constituted a second breach that occurred within the statutory period.

█ The plaintiff has not indicated whether the defendant was to have evaluated his performance as an acting manager within any specified time period, although he does complain of the company's failure to offer him a written contract at the end of the first quarter of the year. Where a contract does not specify the time for performance, a party's obligation must be performed within a reasonable period of time under the circumstances of the case. *R.E.E. DeMontluzin Co. v. New Orleans N.E. Railroad,* 116 La. 822, 118 So. 33, 35 (1928) (one to two years reasonable time in which to build railroad station and action brought forty years after contract entered into clearly barred by ten-year prescriptive period); *Owens v. Robinson,* 329 So.2d 766,

---

1. The defendant has urged this court to dismiss the plaintiff's appeal on the basis of the plaintiff's failure to comply with the requirements for filing an appellate brief. *See* Fed.R.App.P. 28. Since the plaintiff is pro se, and since his brief, liberally construed, contains an assertion of trial court error, we decline to dismiss his appeal. *Cf. Barksdale v. King,* 699 F.2d 744, 746 (5th Cir.1983) (pro se litigant's pleadings liberally construed).

767 (La.App.1976) (five-month delay too long under contract for delivery of cotton where time was of the essence); *Perrin v. Hellback,* 296 So.2d 342, 344 (La.App.), *writ denied,* 300 So.2d 184 (La.1974) (failure to begin construction of building within two years constituted breach where contract called for completion of building within three years). If seven months was a reasonable length of time in which to evaluate an employee's performance as manager of an insurance office, then the plaintiff's suggestion that the breach occurred as of August 2, 1972 might defeat the defendant's prescription defense.[2]

The district court did not explain its reasons for concluding that the plaintiff's action was time barred. A court should be extremely reluctant to grant a motion to dismiss on a ground that requires a determination of the reasonable length of time for performance of a contract, in light of the fact that such a determination depends on the specific circumstances of the case and the intentions of the parties, facts that are not normally ascertainable from the pleadings. Since our review of the pleadings indicates that the complaint might not be time barred, *i.e.,* if the alleged breaches occurred on or after August 2, 1972, the court's dismissal of the plaintiff's action is reversed and the case remanded for further proceedings not inconsistent with this opinion.

In reversing the district court's summary disposition of this case, however, we do not intimate any view about the validity of the defendant's various grounds for dismissal or the merits of the plaintiff's claim. We note that the defendant has challenged the jurisdiction of the federal court to entertain the plaintiff's claims. On remand, the district court should first determine whether it has jurisdiction over the plaintiff's breach-of-contract claims and then go on to consider the defendant's other grounds for dismissal and, if appropriate, the merits of the plaintiff's claims.

REVERSED and REMANDED.

2. On the other hand, if seven months was a reasonable length of time for performance of the defendant's agreement to give the plaintiff a written contract, then the defendant may not have ever breached that agreement.