United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 23, 2005**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

———————

m 04-41307
Summary Calendar

———————

IN THE MATTER OF:
SAM DILLON,

Debtor.


SAM DILLON AND PAM DILLON,

Appellants,

VERSUS

TEXAS COMMISSION ON ENVIRONMENTAL QUALITY AND MICHAEL GROSS,

Appellees.


———————————

Appeal from the United States District Court
for the Eastern District of Texas
m 9:04-CV-92-RHC
m 9:04-CV-93-RHC
m 9:04-CV-94-RHC
m 9:04-CV-95-RHC

———————————

Before DAVIS, SMITH, and DENNIS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

*Pro se* appellants Sam and Pam Dillon appeal the district court's order that affirmed the bankruptcy court's finding that they are ineligible for relief under chapter 13 of the Bankruptcy Code. Finding no error, we affirm.

## I.

Sam Dillon and his wife filed for chapter 13 bankruptcy about three years after Dillon had received a chapter 7 discharge. The Texas Commission on Environmental Quality ("TCEQ")SSthe Texas state agency charged with enforcing environmental lawsSSfiled a timely claim against Dillon in connection with the chapter 13 filing for governmental fines, penalties, and other liabilities arising from alleged unlawful operation of public water utilities. The Dillons objected to TCEQ's initial claim, asserting that they should not be fined for periods before or during the pendency of their chapter 7 proceeding. TCEQ amended its claim to assert an unsecured interest in $337,000 in fines and penalties only for unlawful operation allegedly conducted between the dates of the chapter 7 discharge and the chapter 13 filing.

The bankruptcy court denied the Dillons' objection to TCEQ's amended claim, finding that the debtor had continued to operate the water systems after the chapter 7 discharge. Because TCEQ's unsecured claim exceeded $290,925 (the maximum amount of non-contingent, liquidated, unsecured debt that a debtor may have to receive relief under chapter 13, *see* 11 U.S.C. § 109(e)), the court denied confirmation of the Dillons' chapter 13 plan, denied their motions for a hardship discharge pursuant to 11 U.S.C. § 1328(b), and dismissed their chapter 13 case without prejudice. The district court affirmed the bankruptcy court's rulings.

## II.

We review the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *See Lambert v. Miss. State Tax Comm'n*, 179 F.3d 281, 284 (5th Cir. 1999). Findings of fact are clearly erroneous if we have a definite and firm conviction that a mistake has been made. *See Mabey v. Southwestern Elec. Power Co.*, 150 F.3d 503, 513 (5th Cir. 1998). "Strict application of the clearly erroneous rule is particularly important whe[n] the district court has affirmed the bankruptcy court's findings." *Coston v. Bank of Malvern,* 987 F.2d 1096, 1099 (5th Cir. 1992).

The Dillons are *pro se*, so their briefs are liberally construed and not held to the standard of exactitude expected of briefs by attorneys. *See, e.g., Amin v. Universal Life Ins. Co.*, 706 F.2d 638, 640 n.1 (5th Cir. 1983). But, "*pro se* litigants have no general immunity from the rule that issues and arguments not briefed on appeal are abandoned." *Geiger v. Jowers*, 2005 U.S. App. LEXIS 4572, at *4 n. 6 (5th Cir. Mar. 21, 2005).

## III.

The Dillons assert that the trustee, TCEQ, and the Internal Revenue Service ("IRS") are liable for violating a plethora of federal statutes, Texas regulations, and provisions in the United States and Texas constitutions. As a threshold matter, we refrain from considering the claims made against the IRS, because they

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are wholly irrelevant to the issues presented by the instant appeal; the IRS is not a party to this action, and the asserted liability has no colorable impact on the issues that are present vis-á-vis the parties that are properly part of this action. Moreover, because the Dillons merely string-cite the provisions and fail to include any facts or brief any argument explaining why these laws were violated or how finding liability under them would affect the disposition in the district and bankruptcy courts, the claims are deemed waived for inadequate briefing.[1]

### IV.

As the district court properly found, the dispositive issue is whether the bankruptcy court properly allowed TCEQ's claim, over the Dillons' objection, for an amount that exceeded $290,525; under 11 U.S.C. § 109(e), an individual may not obtain relief under chapter 13 unless, at the time of the petition, the aggregated non-contingent, liquidated, unsecured debts are lower than that amount. Liberally construing the arguments presented in the Dillons' brief, they assert only two coherent challenges to the bankruptcy court's allowance of TCEQ's claim: (1) that the claim was fraudulent and (2) that it was error to approve the claim for $460,000 when the amended claim was for $337,000.[2]

The Dillons point to nothing in the record that is probative of their assertion that TCEQ's claim was forged and fraudulent. Mere conclusional assertions do not demonstrate that the bankruptcy court was clearly erroneous in its factual finding that the claim was legitimate. Even assuming *arguendo* that the bankruptcy court erred in approving TCEQ's claim for $460,000 when it had requested only $337,000, that would not affect the disposition of the case, because $337,000 plainly exceeds the $290,525 jurisdictional threshold limit for chapter 13 bankruptcy relief established by § 109(e).

Because the bankruptcy court did not err in allowing TCEQ's claim for at least $290,525, the Dillons are ineligible for relief under chapter 13, because the debt exceeded the jurisdictional limits established in §109(e). The remaining rulings of the bankruptcy court are correct as a matter of law, because they flow from the Dillons' ineligibility for relief under chapter 13; the court appropriately denied certification of their plan, denied a hardship discharge,[3] and dismissed their case without prejudice.

AFFIRMED.

---

[1] *See* FED. R. APP. P. 28(a)(9)(A); *see also United States v. Martinez*, 263 F.3d 436 (5th Cir. 2001) (noting that failure adequately to brief an issue on appeal can constitute waiver of that argument); *Geiger*, 2005 U.S. App. LEXIS 4572, at *4 n. 6 ("*[P]ro se* litigants have no general immunity from the rule that issues and arguments not briefed on appeal are abandoned.").

[2] The Dillons do not argue that the method of calculating TCEQ's claim was in error, nor do they
(continued...)

---

[2](...continued)
assert that the claim was not aggregated, non-contingent, liquidated and unsecured, as required for disqualifying a party from chapter 13 relief under § 109(e).

[3] A hardship discharge may be granted by the bankruptcy court only "[a]t any time *after* the confirmation of the plan." 11 U.S.C. § 1328(b) (emphasis added).