

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2006

# Jules v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2847

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Jules v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1269.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1269

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-178                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2847
_____

PIERRE JULES,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A41 051 837
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted on a Motion to Dismiss for Failure to Prosecute
March 30, 2006

Before: SLOVITER, MCKEE AND FISHER, CIRCUIT JUDGES

(Filed  April 13, 2006)

_____

OPINION

_____

PER CURIAM

Pierre Jules filed a habeas petition in the United States District Court for the Middle District of Pennsylvania in November of 2004, claiming that he was a United States citizen.[1] On June 2, 2005, the petition was transferred to this Court to be considered as a petition for review pursuant to the REAL ID Act of 2005, Pub L. No. 109-13, 119 Stat. 231.[2] Jules was ordered to file his brief by February 27, 2006. Instead, Jules filed a one-page "Motion to Proceed on the Record," dated February 23, 2006, which was filed in this Court on February 28th. The Government has filed a response to the motion, arguing that the appeal should be dismissed for failure to file a brief.

Jules, who is proceeding pro se, says in his motion to proceed on the record that he "does not have access to resheach [sic] the law and find new case law that can help him." However, liberally construed, his motion makes legal arguments that he derived citizenship through his mother. Because the motion contains legal arguments, and

---

[1] Jules is a native and citizen of Haiti. He came to the United States as an immigrant at the age of eight. In 2000, he was convicted for possession with attempt to deliver cocaine and conspiracy with attempt to deliver a controlled substance in violation of Pennsylvania law. He was placed in removal proceedings and applied for asylum and related relief. The Immigration Judge found he was ineligible for any relief except possibly deferral of removal under the Convention Against Torture, due to his conviction. The IJ denied the deferral claim (based on his allegation that he would face life-threatening prison conditions in Haiti), citing Auguste v. Ridge, 395 F.3d 123 (3d Cir. 2005). The Board of Immigration Appeals (BIA) affirmed without opinion on July 27, 2005.

[2] Jules had also filed a habeas petition in March 2005, complaining of his continued detention. The District Court denied relief and Jules appealed. That appeal, which was docketed at 05-3708, is now closed, as Jules failed to pay fees or file a brief.

2

because it was timely submitted, we will construe the motion as Jules' "brief" on appeal. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 698-99 (9th Cir. 1990) (pro se appellate briefs should not be treated any less liberally than pro se pleadings); Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn., 706 F.2d 638, 640 (5th Cir. 1983) (court declines to dismiss pro se appeal for failure to comply with requirements of brief where brief, liberally construed, contains allegation of trial court error).

Although we will not grant the Government's motion to dismiss for failure to prosecute, we must dismiss the appeal for another reason: Jules has not exhausted his administrative remedies.[3] In his "brief," Jules argues that he derived citizenship through his mother, because she applied for naturalization before he turned eighteen. This argument is not found in any part of the administrative record.[4] Because we may only review a final order of removal if the alien has exhausted all administrative remedies available to the alien as of right, we must dismiss this petition. 8 U.S.C. § 1252(d)(1);

---

[3] Because we must dismiss the appeal, we have determined that it would serve no useful purpose to require the Government to file a brief at this point.

[4] The record reflects that Jules applied for a certificate of citizenship, arguing that he derived citizenship through a man who is either his father or step-father, but the application was denied–see A.R. 343-44. No argument was made that he derived citizenship through his mother. Further, the record does not reflect whether Jules appealed the decision denying his application for a certificate of citizenship. Jules' notice of appeal and brief to the Board of Immigration Appeals only raise issues related to his claim for deferral of removal under the Convention Against Torture (CAT). He does not raise any issues related to his CAT claim here.

Duvall v. Elwood, 336 F.3d 228, 231 (3d Cir. 2003).[5]

Even if we were to exercise jurisdiction over Jules' unexhausted nationality claim, we would reject it. Jules contends that his mother *applied for* naturalization before he turned eighteen. Jules' mother naturalized on July 22, 1997. Jules's date of birth is December 10, 1977. A.R. 344. However, under former § 321(a) of the INA, 8 U.S.C. § 1432(a),[6] the statute requires that the naturalization take place before the child's eighteenth birthday, not that the parent *apply* for naturalization before the child's eighteenth birthday. Thus, it is irrelevant when his mother applied for naturalization

For the foregoing reasons, we will dismiss the petition for review.[7]

_____

[5] We are aware that at least one Court of Appeals has recognized an exception to the exhaustion requirement for a nationality claim. See Theagene v. Gonzales, 411 F.3d 1107, 1111 (9th Cir. 2005). While we do not question the extreme importance of a nationality claim, we decline to follow the Ninth Circuit's lead at this time.

[6] Section 321 was repealed as of February 27, 2001; however, it controls whether Jules acquired citizenship at the relevant times. Bagot v. Ashcroft, 398 F.3d 252, 257 (3d Cir. 2005).

[7] Jules filed a motion to compel the government to release his mother's citizenship application. The Government has filed a response to the motion to compel, arguing that the motion is moot, because it has attached Jules' mother's naturalization application to its response. Because we are dismissing the petition for review, the motion to compel is denied as moot.