# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20701

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2018

Lyle W. Cayce
Clerk

REFUGIO VELA, JR.,

       Plaintiff - Appellant

v.

ADRIAN GARCIA; SERGEANT JEFFERSON; DETENTION OFFICER CALDWELL; DETENTION OFFICER MAYO; DETENTION OFFICER JAMES; DETENTION OFFICER MUCKER; DETENTION OFFICER HEREFORD,

       Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1618

Before BARKSDALE, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:*

Refugio Vela, Jr., Texas prisoner # 1976542 and proceeding *pro se*, challenges the dismissal of his 42 U.S.C. § 1983 action, asserting he was injured by another prisoner, and claiming Adrian Garcia, then sheriff of Harris County, Texas, and six Harris County Jail (HCJ) personnel failed to protect

---

\* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-20701

him.  Primarily, at issue is whether Vela abandoned this appeal by failing to adequately brief his claims.  AFFIRMED.

## I.

On 8 December 2014, Sergeant Jefferson and five deputies escorted a handcuffed prisoner into HCJ cellblock 4G2, where Vela was confined.  Vela alleges the prisoner was resisting the transfer, and shouting threats to "hurt somebody" if released from handcuffs and left in the dorm.

Sergeant Jefferson ordered deputies to remove the handcuffs.  Once unrestrained, the prisoner rushed towards Vela and struck him on the head.  Vela claims this assault aggravated existing neck and back injuries.

Vela pursued this failure-to-protect action, seeking damages and claiming the HCJ personnel put his life in danger by failing to protect him from the transferred prisoner.  Concluding Vela's complaint lacked an "arguable basis in law", the district court dismissed it with prejudice as frivolous.  *Vela v. Garcia*, No. 4:15-cv-01618, slip op., at *4 (S.D. Tex. 14 July 2016).

## II.

In his one-page brief, supplemented by a one-page exhibit stating factual allegations, Vela claims:  the six HCJ personnel failed to protect him from his attacker; he was deprived of a fair hearing in district court; and he is entitled to damages.  Because Vela fails to adequately brief his claims, they are not preserved for review.  *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).  Alternatively, his underlying failure-to-protect claim is meritless because he fails to allege the HCJ personnel knew of a substantial risk of serious harm and failed to act.  *Farmer v. Brennan*, 511 U.S. 825, 832–34 (1994).

### A.

As is far more than well-established, although a *pro se* brief is construed liberally, all contentions in it are required to "be briefed to be preserved".  *Yohey*, 985 F.2d at 225 (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026,

No. 16-20701

1028 (5th Cir. 1988)).  In other words, notwithstanding his proceeding *pro se*, Vela must adequately brief his claims in order to preserve them for review.  *Id.* at 224–25.  Among other requirements, an appellant's brief must include an argument section containing "citations to the authorities and parts of the record on which the appellant relies".  Fed. R. App. P. 28(a)(8)(A).  Further, conclusory assertions are insufficient to support a claim of a constitutional deprivation.  *E.g., Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Vela's brief includes only conclusory assertions that the six HCJ personnel put him in danger by ignoring his attacker's threats; and, he does not even mention why the then sheriff would be liable.  The brief contains no citations to any legal authority or the record.  As a result, Vela does not adequately brief his claims; and, therefore, they are not preserved for review.  *Yohey*, 985 F.2d at 224–25.  In sum, because Vela fails to claim or show error in the district court's analysis, it is as if he took no appeal.  *E.g., Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  (Contrary to the dissent at 1, Vela's totally inadequate brief falls far short of meeting the standard for being acceptable, even in the exercise of our greatest discretion, as reflected in the authority relied upon by the dissent.)

B.

In the alternative, the complaint of a plaintiff proceeding *in forma pauperis* may be dismissed when the court determines the action is frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *E.g., Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

3

No. 16-20701

A claim "is factually frivolous when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless". *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal citation and quotation marks omitted).

Liberally construing Vela's underlying claim on appeal as one for failure-to-protect, he must demonstrate "he was incarcerated under conditions posing a substantial risk of serious harm and . . . prison officials were deliberately indifferent to his need for protection". *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998)). Deliberate indifference is subjective, not objective. *Farmer*, 511 U.S. at 837. An official acts with deliberate indifference only when he is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [] also draw[s] the inference". *Id.* Therefore, to state a valid failure-to-protect claim, Vela must allege the HCJ personnel *knew* of a substantial risk of serious harm and failed to act. *Id.* at 832–34.

Although Vela claims the HCJ personnel put him in danger by ignoring the prisoner's threats and releasing him into the dorm, he does not allege they acted with the requisite deliberate indifference. (The dissent at 1–2 does not show otherwise.) In other words, Vela does not maintain they were aware of facts that lead to the inevitable conclusion he was exposed to substantial danger. Accordingly, because Vela fails to allege the HCJ personnel were aware of facts from which the inference could be drawn that Vela was exposed to a substantial risk of serious harm, he does not present a viable failure-to-protect-claim.

In sum, Vela's complaint was dismissed with prejudice as frivolous. *Vela*, No. 4:15-cv-01618, slip op., at *4. Essentially for the reasons stated by the district court, Vela's claims are without merit.

4

No. 16-20701

C.

That dismissal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Vela is warned: receiving two more strikes will preclude his proceeding *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility, unless he "is under imminent danger of serious physical injury". 28 U.S.C. § 1915(g).

III.

AFFIRMED; SANCTION WARNING ISSUED.

No. 16-20701

JAMES L. DENNIS, Circuit Judge, dissenting:

Vela appeals from the district court's dismissal of his complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Vela's pro se appellate brief cites to 42 U.S.C. § 1981 and § 1983, but does not provide citations to the record or other legal authority. *See* Fed. R. App. P. 28(a)(8)(A). However, we are within our discretion to consider an appellant's pro se brief, despite his technical noncompliance with the rules, so long as the brief argues that the district court committed some cognizable error. *See, e.g., Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 629 (5th Cir. 2014) (declining to dismiss an appeal for inadequate briefing where appellant's brief asserted an error by the trial court); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (same); *Abdul-Alim Amin v. Universal Life Ins. Co.*, 706 F.2d 638, 640 n.1 (5th Cir. 1983) (same). In these instances, we examine whether the appellant's noncompliance with the rules "prejudice[d] the opposing party" by causing "harm or unfair surprise." *Grant v. Cuellar*, 59 F.3d 523, 524–25 (5th Cir. 1995) (finding prejudice where defendants were forced to speculate about the relevant issues and ultimately failed to brief some of the issues).

Here, Vela's brief states that he "was deprived [of] a fair trial proceeding and medical benefits and money damages." Construed liberally, Vela challenges the district court's dismissal of his case, which deprived him of an adjudication on the merits of his claim and the potential to seek remedies for his injuries. There is no evidence that Vela's briefing prejudiced the appellees. Vela's brief clearly alleges "negligence" and "failure to protect," putting the law enforcement officers on notice of the claims against them.

Nor are Vela's claims against the five deputies and their supervisor conclusory or frivolous. Vela has alleged sufficient facts to create a plausible inference that the deputies and their supervisor knew of the "substantial risk of serious harm" the other inmate posed to Vela and were "deliberately

6

indifferent to his need for protection." *See Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). Vela alleged that it took five deputies and their supervisor to escort the inmate who attacked him to the dorm. Vela alleged that the inmate was "over 6'4" tall" and was "real mad" about being transferred to the new dorm. Vela alleged that he was the only other person awake at the time of the incident, was in close proximity to the inmate when the inmate was uncuffed, and the inmate told the deputies "over 6 times" that he "was going to hurt someone if [they] uncuff[ed] [him]." Vela alleged that the deputies "released [the inmate], paying no [heed] to his . . . warnings of violence." And Vela alleged that the inmate assaulted him "immediately" after being uncuffed.

Vela's allegations are not factually frivolous because they do not present a "fantastic or delusional scenario[]." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal citation and quotation marks omitted). Nor do not present a legal theory that is "indisputably meritless." *Id.* All of the alleged facts, taken together, allow a court to draw the plausible inference that the five deputies and their supervisor knew there was a substantial risk that turning this other inmate loose, after he vociferously and repeatedly threatened to hurt someone if his handcuffs were removed, would put Vela, who stood just a few feet away, at substantial risk of injury. *See Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) ("[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). For these reasons, I do not believe Vela's claims are meritless, and I respectfully dissent.