# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2022

Lyle W. Cayce
Clerk

No. 20-20158

James Rubio,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-1126

Before Willett, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:*

A civilly committed Texan seeks habeas relief under 28 U.S.C. § 2254. The district court denied his petition on procedural grounds. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20158

I

James Rubio pleaded nolo contendere to aggravated sexual assault. A jury later found that he was a "sexually violent predator." That finding caused Rubio's civil commitment under Texas law. *See* Tex. Health & Safety Code §§ 841.003, .081. Rubio appealed, but his appeal was dismissed after he violated his commitment order.

Rubio later unsuccessfully attempted to challenge his civil commitment in Texas state court. He tried to file a habeas petition in state court under Texas Code of Criminal Procedure Article 11.07. Habeas under that Article "seeks relief from a felony judgment imposing a penalty other than death." Tex. Code Crim. Pro. art. 11.07, § 1. Because civil commitment is not a felony conviction,[1] the state court clerk refused to file Rubio's petition. It was the clerk's "understanding," the clerk advised Rubio, that civil commitment orders could be challenged only by "fil[ing] the proper paperwork" in federal court.

Regrettably for Rubio, he took the clerk's legal advice. Rubio proceeded to file a habeas petition in federal district court under 28 U.S.C. § 2254. That section, reasoned the district court, generally requires detainees like Rubio to exhaust all available state remedies before filing a federal habeas petition. Because no Texas appellate court had evaluated Rubio's claims—either directly on appeal or collaterally on habeas—the district court concluded that Rubio had not exhausted all his state remedies. So the district court dismissed Rubio's petition without prejudice for him to do so. We granted Rubio a limited certificate of appealability. He now appeals *pro se*.

---

[1] We note that the Supreme Court of Texas has held that a commitment proceeding is civil, not criminal. *See In re Commitment of Fisher*, 164 S.W.3d 637, 654 (Tex. 2005).

## II

Two obstacles block us from reviewing the merits of Rubio's § 2254 habeas petition. Simply put, Rubio has abandoned any argument that he exhausted his state remedies before filing this habeas petition—precisely why the district court denied his habeas petition in the first place. But even if he had not, we agree with the district court that Rubio has failed to exhaust his state remedies and that no exception applies.

## A

We agree with Defendant that Rubio has abandoned his argument that the district court erred in concluding he hasn't exhausted his state remedies. The Rules of Appellate Procedure require appellants to include in the argument section of their briefs their "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies," as well as "for each issue, a concise statement of the applicable standard of review." FED. R. APP. P. 28(a)(8). Not meeting that standard—in other words, *inadequately briefing* issues or arguments—causes them to be abandoned. *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994). And while we liberally construe the briefs of *pro se* litigants, *Abdul–Alim Amin v. Universal Life Insurance Co. of Memphis*, 706 F.2d 638, 640 n.1 (5th Cir. 1983) (per curiam), they have no general immunity from abandoning issues or arguments on appeal, *see Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Nowhere did Rubio argue in his opening brief that the district court erred in concluding he had failed to exhaust his state remedies. Therefore, he has abandoned the issue and we need not review it.

B

Still, even if Rubio had preserved the exhaustion issue for our review, we agree with the district court that he has not exhausted his state remedies. And because no exception to the exhaustion requirement applies, we cannot give Rubio the relief he seeks.

Federal courts generally cannot grant Rubio any relief under § 2254 until he "has exhausted the remedies available in the courts of [Texas]." § 2254(b)(1)(A). The district court found that "no briefs were filed" in Rubio's direct appeal before it was dismissed. And "[t]here is no evidence that Rubio sought a state writ of habeas corpus to challenge the civil commitment judgment" before he filed "this federal petition." Nothing in the parties' arguments or the record calls those findings into question. And while "interference by officials" can sometimes serve to resurrect a lost opportunity to pursue federal habeas relief, *see Brown v. Allen*, 344 U.S. 443, 485–86 (1954),[2] Rubio has not lost his opportunity. He simply has to exhaust his state remedies first.

Rubio mistakenly believes that we concluded otherwise when we granted his certificate of appealability. We did not. We merely held that "[r]easonable jurists *could debate* whether the district court erred" in not concluding that § 2254's exceptions applied. Order at 3, *Rubio v. Lumpkin*, No. 20-20158 (5th Cir. Mar. 15, 2021) (dkt. 28) (emphasis added.) Those exceptions would allow us to reach the merits of Rubio's petition if he could show that "there is an absence of available State corrective process," or

---

[2] Relatedly, we note that Rubio's argument is, essentially, one of equitable estoppel—that Texas, through a single court clerk, declared Rubio had exhausted his state remedies and so now it should be estopped from denying so. But that theory is "rarely valid against the government," *Linkous v. United States*, 142 F.3d 271, 277 (5th Cir. 1998), and Rubio does not adequately brief it in any event, *see id.* at 278 (outlining a four-part test).

"circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(B). But now the debate is over. Section 2254's exhaustion exceptions do not apply. Defendant argues that Rubio should have filed for civil habeas in Texas court before filing this petition. Rubio has no good response. He merely argues that the "additional [habeas] filings" he has made in "the district court up-to the TX Supreme Court" have been "ignored." But whether they have been ignored does not matter *for this petition*. What matters is that no record evidence supports that *before filing* this petition, in 2014, Rubio could not avail himself of state corrective process or that such process would have been ineffective to protect his rights.[3] Therefore, § 2254's exhaustion exceptions cannot apply.

## III

Rubio may not be getting relief today, but his habeas odyssey is not through. The district court left the door wide open for him to refile. If Rubio exhausts his state remedies and finds no relief, he might still find relief in federal court. Then again, he might not. Because procedural defects in Rubio's petition prevent us from deciding either way, though, we AFFIRM.

---

[3] We note that Rubio is, apparently, actively seeking habeas relief in state court. For example, the record suggests that he has an active habeas petition in Texas district court, and that he has filed additional petitions in the courts of appeal and the Supreme Court of Texas.