United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30207
Summary Calendar

RAYMOND SIMMONS,

Plaintiff-Appellant,

versus

MAGISTRATE JUDGE PAYNE; JUDGE WALTER; JUDGE KING; JUDGE
STAGG; JUDGE POLITZ; JUDGE WEINER; JUDGE HIGGINBOTHAM;
JUDGE DEMOSS; JUDGE PARKER; JUDGE BENAVIDES; JUDGE DENNIS;
JUDGE JOLLY; U. S. 5TH CIRCUIT COURT OF APPEALS; U. S. OFFICE
OF SOLICITOR GENERAL; U. S. ATTORNEY GENERAL; ALEX ACOSTA;
JIM MCCRERY; MARY LANDRIEU; JOHN BREAUX; KATHLEEN
BABINEAUX BLANCO; LYDIA JACKSON; CHARLES FOTI; ERNEST
BAYLOR; EILEEN BOUDIN; LOUIS REIGAL, III; DONALD
WASHINGTON; CLERK U.S. DISTRICT COURT, Western District,
Shreveport Division; WILLIAM K. SUTTER; BOBBY DEBOSE;
TWIN CITY TOWING CO.; DEPARTMENT OF CODES ENFORCEMENT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CV-2117
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Raymond Simmons moves for permission to proceed in forma

pauperis (IFP) to appeal the dismissal of his 42 U.S.C. § 1983

complaint against the defendants as frivolous pursuant to 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1915(e).  By moving for IFP, Simmons is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

The district court found that Simmons's assertion of a vast conspiracy by all levels of the state government and federal government was manifestly frivolous because the factual allegations were fanciful, irrational, incredible, and delusional.  See Neitzke v. Williams, 490 U.S. 319, 327 (1989). Simmons has not briefed the district court's finding that his complaint is delusional, and thus has not adequately briefed the issue before the court on appeal.  Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).  Our review of Simmons's complaint convinces us that the dismissal as frivolous was not an abuse of discretion.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  We have also found no abuse of discretion in the imposition of monetary sanctions under FED. R. CIV. P. 11. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

"[N]othing prevents the appellate court from sua sponte dismissing the case on the merits pursuant to 5TH CIR. R. 42.2 when it is apparent that an appeal would be meritless."  See Baugh, 117 F.3d at 202 n.24.  Simmons has failed to show that his appeal involves nonfrivolous issues, and his appeal is dismissed.

MOTION FOR IFP STATUS DENIED; APPEAL DISMISSED; MOTION TO EXPEDITE DENIED AS MOOT.