**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2009

No. 09-20466
Summary Calendar

Charles R. Fulbruge III
Clerk

RALPH O. DOUGLAS

Plaintiff - Appellant

v.

THEODORE HAYNES, JR.; SAMUEL D. ADAMO; HARRY B. JONES, JR.; MICHELLE BECK; UNKNOWN ASSISTANT DISTRICT ATTORNEY; ET AL,

Defendants - Appellees

Appeal from the United States District Court for the
Southern District of Texas
No. 09-CV-598

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ralph O. Douglas, Texas prisoner # 1004998, proceeding *pro se*, brought a civil suit against dozens of defendants (both individuals and corporations) allegedly involved in his conviction. He alleged violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Fair Credit Reporting Act, the Banking and Banks Act, the Texas Insurance Code, and the Texas Banking Code. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed his suit under 28 U.S.C. § 1915(g); Douglas paid the filing fee and moved to reopen the complaint. The district court granted his motion but later dismissed the suit under 28 U.S.C. § 1915(e)(2). Douglas appeals. For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Douglas was convicted in Texas state court of two counts of state jail felony theft in 1999 and of felony theft of property in 2002. He was sentenced to life in prison for the felony theft of property conviction. Following the exhaustion of his state appellate remedies and federal habeas review, he brought a civil rights action against dozens of defendants connected—many only tenuously—to his state court convictions, including judges, prosecutors, his own defense attorneys, complainants, witnesses, investigators, police officers, and other individuals and companies. Douglas contends that his convictions resulted from "conspiracy, perjury, bad faith, or other wrongful or negligent acts" by the defendants.

Douglas brought the initial suit *pro se* and *in forma pauperis*; the district court dismissed the suit pursuant to 28 U.S.C. § 1915(g), as Douglas had already received three strikes for bringing frivolous actions.[1] Douglas paid the $350 filing fee, and the district court reopened the case, only to subsequently dismiss it under 28 U.S.C. § 1915(e)(2).[2] The district court found that Douglas's § 1983

---

[1] Section 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[2] Under § 1915(e)(2)(B), the court must dismiss a case if the court finds that "the action or appeal[] (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and his remaining claims were foreclosed by the statute of limitations. Furthermore, the district court found that, with the exception of two police officers, the defendants were either not state actors for § 1983 purposes or immune from civil suits seeking monetary relief. Finally, the district court noted that Douglas's "allegations that, seven or more years ago, all fifty-five defendants conspired and acted in concert to procure his criminal convictions, are conclusory, unsupported by facts, and merit no further encouragement." The district court declined to exercise supplemental jurisdiction over Douglas's state law claims. Douglas brings this timely appeal, and we have jurisdiction under 28 U.S.C. § 1291.

## II. ANALYSIS

Where a district court dismisses a prisoner's complaint as frivolous under § 1915(e)(2)(B)(i), we review for abuse of discretion. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam). However, we review de novo dismissals under § 1915(e)(2)(B)(ii) for failure to state a claim. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (per curiam). Here, the district court stated it was dismissing Douglas's complaint under § 1915(e)(2), but it did not specify which subsection it relied on. Therefore, review should be de novo. *See Geiger*, 404 F.3d at 373 (reviewing dismissal under both § 1915(e)(2)(B)(i) and (ii) de novo). A dismissal for failure to state a claim will be upheld where "taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam) (quotation marks and citation omitted). Where a claim "lacks any arguable basis in law or fact," it may be dismissed as frivolous. *Id.* (quotation marks and citation omitted). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory," and it lacks an arguable basis in fact "when the facts alleged are fantastic or delusional

scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quotation marks and citation omitted).

The language of § 1915(e)(2)(B) requires that a district court dismiss a complaint that meets any one of the three subsections. Therefore, we may uphold the district court's judgment on any one of the five grounds contained in the order of dismissal. As Douglas proceeds *pro se*, we must liberally construe his brief. *Abdul–Alim Amin v. Universal Life Ins. Co.*, 706 F.2d 638, 640 n.1 (5th Cir. 1983) (per curiam). However, even given the requisite liberal construction, Douglas has failed to advance any arguments that suggest that the district court erred in dismissing his complaint. *Cf. Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) ("In practical effect, [an appellant's] one-page recitation of familiar rules governing our review of summary judgments, without even the slightest identification of any error in [the district court's] legal analysis or its application to [the] suit . . . , is the same as if [the appellant] had not appealed that judgment.").

## III. CONCLUSION

For the reasons stated above, we AFFIRM.