# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 17, 2010

No. 09-30697
Summary Calendar

Charles R. Fulbruge III
Clerk

PAUL RAY ROBBINS,

Plaintiff-Appellant,

versus

CORRECTIONS CORPORATION OF AMERICA; TIM WILKINSON;
TIM MORGAN; ANGEL MARTIN; VIRGIL LUCUS; BOBBY JINDAL;
JAMES LEBLANC; MONA HEYSE; PAT THOMAS; LINDA RAMSY;
A. PACHECO; DOCTOR ENGELSON,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
No. 1:08-CV-1054

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30697

Paul Robbins, a Louisiana prisoner, appeals the dismissal of his *pro se*, *in forma pauperis* 42 U.S.C. § 1983 civil rights suit as frivolous and for failure to state a claim. We dismiss the appeal as frivolous.

As the magistrate judge ("MJ") references in his report, Robbins's initial complaint was a sixty-one-page, typed screed outlining a host of alleged problems with the way defendant Corrections Corporation of America ("CCA") ran its facility. That identical complaint was submitted by eight prisoners, purportedly as a class action, and appears to be a general form working its way around the prison yard. Indeed, the latest prisoner-plaintiff need only do as Robbins did: Obscure the typed-in name and write his in its place.

The actual claims in the complaint were not at all of a personal nature, and Robbins included nothing to suggest that, or how, he personally suffered injury from the defendants' alleged wrongful actions. The MJ ordered Robbins to amend his complaint to provide specific factual allegations to support the claim that his constitutional rights were violated,[1] or his complaint would be dismissed.

The amended complaint was hardly better. In it, Robbins attempted to retain each claim in the original complaint just by stating that "thease fact's do involve this inmate plantiff 'personly' and directly" [*sic*]. As the MJ put it, "[r]ather than provide specific facts regarding the eighteen claims, Plaintiff simply reiterated the allegations of the original complaint." Nevertheless, the MJ tried

---

[1] The MJ was precise about what information he needed:

> Specifically, Plaintiff should provide: (A) the name(s) of each person who allegedly violated Robbins' constitutional rights; (B) a description of what each defendant did to violate Robbins' rights (not the rights of other inmates); (C) the place and date(s) that each event/violation occurred; and (D) a description of the alleged injury Robbins sustained as a result of each alleged violation.

(Emphasis omitted.)

2

No. 09-30697

to tease out just what injuries Robbins claimed he suffered, addressing his "complaints" relating to personal medical care, access to legal assistance, the presence of female guards, and his desire for a transfer to a state-run prison facility. Ultimately, the MJ recommended dismissal under 28 U.S.C. § 1915(e)(2)(B).

The district court agreed with the recommendation and dismissed the complaint both as frivolous and for failing to state a claim. We review dismissals under § 1915(e)(2)(B)(i) as frivolous for abuse of discretion. *See, e.g.*, *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). And we review dismissals under § 1915(e)(2)(B)(ii) for failure to state a claim *de novo*. Because the district court did not state the subsection on which it relied, our review is *de novo*. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam).

We have a "responsibility to construe *pro se* filings liberally." *Sossamon v. Texas*, 560 F.3d 316, 322 n.3 (5th Cir. 2009), *petition for cert. filed*, 77 U.S.L.W. 3657 (U.S. May 22, 2009) (08-1438). Nonetheless, "litigants must still brief contentions in order to preserve them." *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007). To that end, the only claim from his amended complaint that Robbins appears still to be arguing in any detail relates to his medical care.[2] And, based on the record, we agree with the MJ that Robbins "essentially complains that he suffers from a slew of illnesses, and that WCC [his facility] is not following the treatment prescribed by the doctors at the LSU Medical Center in Shreveport." Robbins's disagreement with WCC's medical staff over his treatment regimen does not come close to meeting the "extremely high standard" for deliberate indifference claims. *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *see also Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th

---

[2] Robbins also raises, for the first time on appeal, a claim that the prison lost his property during a medical stay at LSU. "[I]ssues raised for the first time on appeal 'are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice.'" *United States. v. Garcia-Pillado*, 898 F.2d 36, 39 (5th Cir. 1990) (quoting *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985)).

Cir. 1991). Thus, "even given the requisite liberal construction, [the prisoner] has failed to advance any arguments that suggest that the district court erred in dismissing his complaint." *Douglas v. Haynes*, No. 09-20466, 2009 WL 3848670, at *2 (5th Cir. Nov. 18, 2009) (per curiam) (unpublished).

We direct Robbins's attention to the PLRA's three-strikes provision, 28 U.S.C. § 1915(g). The district court's dismissal and the dismissal of this appeal both count as strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir.1996). If a prisoner accumulates three strikes, he is not allowed to bring another civil action *in forma pauperis* while incarcerated unless he is under imminent danger of serious physical injury. Robbins is so warned.

The appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. All outstanding motions are DENIED.