# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2015

Lyle W. Cayce
Clerk

No. 14-10261

ANSON CHI,

Plaintiff-Appellant

v.

JOHN DOE # 1,

Defendant-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-4836

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Anson Chi, Texas prisoner # 312275, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. He has also moved for leave to file a supplemental brief and for the appointment of counsel.

Chi's complaint alleged a wide conspiracy among diverse defendants to kill him by lethal injection, using a remote device, as he recovered from injuries sustained by a bomb. The district court dismissed Chi's complaint pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10261

28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) & (ii) as frivolous because it lacked a basis in fact. It certified that the appeal had not been taken in good faith and denied Chi permission to proceed IFP on appeal.

By moving to proceed IFP, Chi is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Chi argues that the district court erred in perfunctorily dismissing his complaint for lacking a factual basis. He asserts that he alleged the requisite material facts when he presented color pictures of his injuries that were taken by his criminal defense attorney, which proved that his injuries stemmed from torture rather than an accident.

Chi's assertion that diverse defendants, who spanned federal and state governments and included doctors and staff at two private hospitals, the FBI, and a psychologist employed by the FCI, conspired to inject him with lethal chemicals using a remote device is incredible and delusional. Thus, the district court did not err when it dismissed Chi's complaint as frivolous for lacking a basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Simmons v. Payne*, 170 F. App'x 906, 907 (5th Cir. 2006); *Douglas v. Haynes*, 354 F. App'x 163, 164-65 (5th Cir. 2009).

Chi's appeal lacks arguable merit and is frivolous. *See Howard*, 707 F.2d at 220. Accordingly, his motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. This court's dismissal of this appeal as frivolous and the district court's dismissal of the complaint count as two strikes under § 1915(g). Chi is warned

No. 14-10261

that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTIONS FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF AND FOR THE APPOINTMENT OF COUNSEL DENIED AS UNNECESSARY.