**Michael Herbert WEAVER,**
**Petitioner–Appellant,**

v.

**Steve W. PUCKETT, Superintendent,**
**Mississippi State Penitentiary,**
**Respondent–Appellee.**

**No. 89–4052**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 15, 1990.
Rehearing Denied April 12, 1990.

---

Michael Herbert Weaver, Leakesville, Miss., pro se.

Jo Anne M. McLeod, Asst. Atty. Gen., Edwin Lloyd Pittman, Atty. Gen., Marvin L. White, Jr., Donald G. Barlow, Asst. Attys. Gen., Jackson, Miss., for respondent-appellee.

Before GEE, WILLIAMS and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Weaver was convicted in Mississippi State Court for arson following a jury trial. The government's case rested primarily upon the testimony of a co-conspirator. Weaver presented alibi evidence and attempted to impeach the credibility of the prosecuting witness. During the trial the court heard and overruled a defense motion for mistrial on the basis that one of the jurors was hearing impaired. Following his conviction Weaver filed a motion for new trial on the same grounds and substantial evidence was taken from the juror which reflected that he was indeed hearing impaired and, although he sat in the jury seat nearest to the witnesses, had not in fact heard everything that was said. The state court denied the motion for a new trial and the Mississippi Supreme Court subsequently affirmed the conviction. *State v. Weaver*, 497 So.2d 1089 (Miss. 1986).

Proceeding *pro se* Weaver filed a petition for a writ of habeas corpus in the United States District Court and the state moved for summary judgment. The matter was referred to a magistrate who reviewed the entire trial record including the evidence taken on the hearing of the motion for new trial. The district court accepted the magistrate's recommendation that the petition be denied. Weaver timely appealed. We affirm.

■ Weaver first contends that the district court erred in not holding an evidentiary hearing to determine whether the juror was so hearing impaired as to offend Weaver's Sixth Amendment right to trial by a competent jury. The law is clear that the district court need not hold an evidentiary hearing when the record from the state court is adequate to dispose of the claim. *Joseph v. Butler*, 838 F.2d 786, 788 (5th Cir.1988); *Baldwin v. Blackburn*, 653 F.2d 942, 947 (5th Cir. Unit A 1981), *cert. denied*, 456 U.S. 950, 102 S.Ct. 2021, 72 L.Ed.2d 475 (1982). *See* 28 U.S.C. § 2254(d). The record here is more than adequate.

■ The law is equally clear that Fed.R. Evid. 606(b) makes juror testimony incompetent to impeach a jury verdict. *Tanner v. United States*, 483 U.S. 107, 107 S.Ct. 2739, 2748, 97 L.Ed.2d 90 (1987). Fed.R. Evid. 606(b) embodies a longstanding common law rule. Exceptions to the common law rule were normally recognized only in situations in which an "extraneous influence" was alleged to have affected the jury. *Tanner*, 107 S.Ct. at 2746; *Mattox v. United States*, 146 U.S. 140, 149, 13 S.Ct. 50, 53, 36

L.Ed. 917 (1892); *United States v. Lamp*, 779 F.2d 1088, 1097–98 (5th Cir.), *cert. denied*, 476 U.S. 1144, 106 S.Ct. 2255, 90 L.Ed.2d 700 (1986); *United States v. Duzac*, 622 F.2d 911, 913–14 (5th Cir.), *cert. denied*, 449 U.S. 1012, 101 S.Ct. 570, 66 L.Ed.2d 471 (1980). Matters dealing with the physical or mental incompetence of a juror were traditionally considered "internal" rather than "external" matters. *Tanner*, 107 S.Ct. at 2746. In *Tanner* the Court noted that lower federal courts "wisely have treated allegations of a juror's inability to hear or comprehend at trial as an internal matter". *Tanner* at 2746. *See Government of the Virgin Islands v. Nicholas*, 759 F.2d 1073 (3rd Cir. 1985); *Davis v. United States*, 47 F.2d 1071 (5th Cir.), *cert. denied*, 284 U.S. 646, 52 S.Ct. 25, 76 L.Ed. 549 (1931). The juror's testimony, therefore, was incompetent to impeach the verdict rendered against Weaver.

The Court in *Tanner* noted that there also existed another common law exception to the bar on post-verdict inquiry into juror incompetence where "substantial if not wholly conclusive evidence of incompetency" had been presented. *Tanner*, 107 S.Ct. at 2750, *quoting United States v. Dioguardi*, 492 F.2d 70, 80 (2nd Cir.), *cert. denied*, 419 U.S. 873, 95 S.Ct. 134, 42 L.Ed.2d 112 (1974). However, the *Tanner* Court did not pass on the question of whether Rule 606(b) retained this common law exception. To effectuate the purpose behind the rule, the substantial evidence of incompetence must originate in a non-juror source before any post-verdict inquiry can be made into an "internal" matter regarding a juror. In the present case, excluding the juror's testimony, the only existing evidence was two conflicting affidavits by audiologists based on their reviews of a transcription of the juror's testimony taken during the hearing on the motion for new trial. The affiants' conclusions were conflicting and essentially off-setting. Consequently, even if Rule 606(b) is interpreted to retain the common law exception allowing post verdict inquiry where an "extremely strong showing" of juror incompetence has been made, the evidence fails to meet this standard. *Tanner*, 107 S.Ct. at 2750.

In his brief to this court, Weaver identified as an issue that he was charged under the wrong Mississippi statute. However, he does not argue this point in the body of his brief. Fed.R.App.P. 28(a)(4) requires that the appellant's argument contain the reasons he deserves the requested relief "with citation to the authorities, statutes and parts of the record relied on." Thus Weaver's objection to the statute under which he was charged is considered abandoned. *United States v. Ballard*, 779 F.2d 287, 295 (5th Cir.), *cert. denied*, 475 U.S. 1109, 106 S.Ct. 1518, 89 L.Ed.2d 916 (1986); *Pate v. Wainwright*, 607 F.2d 669, 670 (5th Cir.1979).

Accordingly, the judgment of the district court is AFFIRMED, Weaver's motion for the appointment of appellate counsel is DENIED and Weaver's motion for release on bond is DENIED.