IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50834
Summary Calendar
_____

LUKE LEE, JR.,

Petitioner-Appellant-Cross-Appellee,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee-Cross Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CV-692-JN
--------------------
June 11, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Luke Lee, Jr., appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Lee argues that the district court erred in refusing to consider the affidavits of two jurors and in determining that the state court did not unreasonably apply federal law in rejecting his claim of ineffective assistance of counsel. The respondent also appeals,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguing that the district court erred in holding that Lee's petition was timely filed.

It is unclear whether Lee's 28 U.S.C. § 2254 petition was timely filed, as we have not addressed this specific finality issue in a published opinion. However, even if we assume without deciding that Lee's § 2254 petition was timely filed, then Lee still has not shown that he should receive relief.

Lee contends that the district court erred in refusing to consider affidavits from two jurors because these affidavits were considered by the state trial court. The statements contained in the disputed affidavits fall squarely within the class of testimony forbidden by FED. R. EVID. 606(b). The district court thus did not abuse its discretion in refusing to consider them. See Williams v. Collins, 16 F.3d 626, 636 (5th Cir. 1994); Weaver v. Puckett, 896 F.2d 126, 126-27 (5th Cir. 1990).

Lee's final contention is that the state courts unreasonably applied federal law in determining that his trial attorney did not render ineffective assistance of counsel. He argues that counsel rendered deficient performance based on his decision not to present certain mitigating evidence and that this performance prejudiced the defense. Counsel's decision not to present the disputed evidence was based on sound trial strategy. See Jernigan v. Collins, 980 F.2d 292, 296 (5th Cir. 1992); Williams, 16 F.3d at 634. The state court's conclusion that counsel did not render a deficient performance thus does not constitute an

unreasonable application of federal law.  See Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc).  The judgment of the district court is AFFIRMED.