REVISED SEPTEMBER 16, 2010
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 3, 2010

Lyle W. Cayce
Clerk

No. 10-30018
Summary Calendar

DONALD C. HODGE, JR.,

                              Plaintiff-Appellant

v.

EAST BATON ROUGE PARISH SHERIFF'S OFFICE; THE BOARD OF
SUPERVISORS FOR LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL COLLEGE; GREG PHARES, In his
official capacity as the Sheriff for East Baton Rouge Parish; LEONARDO DEON
MOORE, Individually and official capacity as a Lieutenant with East Baton
Rouge Parish Sheriff's Office,

                              Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-735

Before WIENER, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

    Leonardo Deon Moore, a lieutenant in the East Baton Rouge Parish
Sheriff's Office, arrested Donald C. Hodge, Jr. after Hodge did not comply with
several verbal warnings from Lieutenant Moore and the Louisiana State

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

University football game day marshal asking him to leave the student disability accessible section in Tiger Stadium, which he did not have a ticket for. Hodge received a summons for remaining after being forbidden and resisting arrest, but was never prosecuted. Hodge filed suit asserting various Constitutional and Louisiana law claims against the East Baton Rouge Parish Sheriff's Office; The Board of Supervisors for Louisiana State University; Greg Phares, Sheriff for East Baton Rouge Parish; and Lieutenant Moore.

The district court dismissed all claims against the defendants or granted them summary judgment. Although Hodge names both Sheriff Phares and Lieutenant Moore as defendants on appeal, he solely briefs his 42 U.S.C. § 1983 claim against Lieutenant Moore for false arrest in violation of his Fourth Amendment rights. Despite our policy of liberally construing briefs of pro se litigants and applying less stringent standards to parties proceeding pro se than to parties represented by counsel, pro se parties must still brief the issues and reasonably comply with the standards of Federal Rule of Appellate Procedure 28.[1] Only Hodge's false arrest claim comes close, even though he is a lawyer.[2] We consider all other claims waived, each of which approached the frivolous to begin with. We review the district court's grant of summary judgment de novo and apply the same legal standards as the district court.[3]

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would

---

[1] Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam); Yohey v. Collins, 985 F.2d 222, 224–25 (5th Cir. 1993). Federal Rule of Appellate Procedure 28(a) requires an appellant's brief to contain a statement of the issues and an argument.

[2] Remarkably, Hodge, an attorney, cites no authority in support of the false arrest claim.

[3] Depree v. Saunders, 588 F.3d 282, 286 (5th Cir 2009); see also Ontiveros v. City of Rosenberg, 564 F.3d 379, 382 (5th Cir. 2009).

have known."[4] Here, if Lieutenant Moore's actions were "objectively reasonable under the circumstances, such that a reasonably competent officer would not have known his actions violated then-existing clearly established law," immunity attaches.[5]

Hodge's only hope is to show his arrest was without probable cause – and that Lieutenant Moore should have known better.[6] "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense."[7] Lieutenant Moore had probable cause to believe Hodge was committing the state-law crime of Remaining After Being Forbidden.

Louisiana's criminal trespass statute provides:

> No person shall without authority go into or upon or remain in or upon or attempt to go into or upon or remain in or upon any structure, watercraft, or any other movable, or immovable property, which belongs to another, including public buildings and structures, ferries, and bridges, or any part, portion, or area thereof, after having been forbidden to do so, either orally or in writing . . . by any owner, lessee, or custodian of the property or by any other authorized person.[8]

---

[4] Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quotation marks omitted).

[5] Mesa v. Prejean, 543 F.3d 264, 269 (5th Cir. 2008).

[6] See id; see also Club Retro L.L.C. v. Hilton, 568 F.3d 181, 204 (5th Cir. 2009) ("The Constitutional claim of false arrest requires a showing of no probable cause.").

[7] Mesa, 543 F.3d at 269 (quotation marks omitted).

[8] LA. REV. STAT. § 14:63.3(A). This court has, in an unpublished but persuasive opinion, interpreted a similar situation as giving officers probable cause under this statute. Singleton v. St. Charles Parish Sheriff's Dep't, 306 F. App'x 195, 199–200 (5th Cir. 2009) (unpublished) (per curiam) (holding that a Sheriff's deputy asking a person to leave a store and his failure to do so gave the Sheriff's deputy probable cause to arrest). The Louisiana Supreme Court has interpreted the statute similarly. See State v. Ceaser, 859 So.2d 639, 644–45 (La. 2003) (holding that a defendant remaining on the premises after being ordered to leave constituted an offense in progress and gave officers probable cause to arrest).

Louisiana State University authorizes game day marshals to handle seating and ticketing. Hodge did not possess a ticket for the student disability accessible section, and the game day marshal asked Hodge to leave the area. Hodge refused. The game day marshal then told Lieutenant Moore that Hodge would not leave and asked for help removing him from the restricted area. Lieutenant Moore told Hodge to leave the section. He would not. Hodge's refusal after multiple requests gave Lieutenant Moore probable cause. Lieutenant Moore's actions were objectively reasonable under the circumstances and he is entitled to qualified immunity from Hodge's Fourth Amendment-based claim.[9]

AFFIRMED.

---

[9] Although Hodge's brief leaves the court to guess, in the event that he is also bringing a false arrest claim under Louisiana law, summary judgment is affirmed by our finding that Lieutenant Moore had probable cause to arrest. See Deville v. Marcantel, 567 F.3d 156, 172 (5th Cir. 2009) (per curiam) (explaining probable cause vitiates a Louisiana false arrest action); see also State v. Hathaway, 411 So.2d 1074, 1078–79 (La. 1982).