# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 20, 2011

No. 11-30044
Summary Calendar

Lyle W. Cayce
Clerk

KELDA PRICE,

Plaintiff–Appellant

v.

PLANTATION MANAGEMENT COMPANY; STERLING PLACE; KEVIN MILETELLO; KIM WILLIAMSON; ROSA WALLACE,

Defendants–Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-383

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kelda Price appeals the district court's grant of summary judgment in favor of the defendants on Price's claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and 42 U.S.C. § 1981. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30044

Price proceeds pro se on appeal.  In light of her pro se status, we must interpret her "brief liberally to afford all reasonable inferences which can be drawn from" it.  *Tex. Comptroller of Pub. Accounts v. Liuzza* (*In re Tex. Pig Stands, Inc.*), 610 F.3d 937, 941 n.4 (5th Cir. 2010) (citation omitted).  That said, we have nonetheless held that under Federal Rule of Appellant Procedure 28, such pro se appellants must include "'citation to the authorities, statutes and parts of the record relied on'" in their briefs.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (quoting *Weaver v. Puckett*, 896 F.2d 126, 128 (5th Cir. 1990)).  In short, "'[a]lthough we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved.'" *Id.* (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988)); *see also* FED. R. APP. P. 28(a)(9)(A) (requiring an appellant's argument section to contain her "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

In her brief, Price appears to assert error in the grant of summary judgment on two grounds.  First, she argues that issues of material fact remain and that summary judgment was improperly granted as a result.  Her briefing on this point, however, fails to identify any putative material fact and suffers from the complete absence of citations indicating the pertinent parts of the record.  As a result of these defects, Price has waived her contention on appeal that an issue of material fact precludes the grant of summary judgment.  In addition, we have conducted our own examination of the record, and we agree that summary judgment is proper for essentially the same reasons as those given in the district court's opinion.

No. 11-30044

Second, Price argues that the magistrate judge who was assigned to this case interfered with her "right to Co-Counsel, Plaintiff in Consorti[um], and Whatever assistance she chooses" by "ha[ving] her husband banned from the Court" and "later prohibit[ing] [him] from speaking to her during [a] status conference." She asserts that her husband is her "assistant"; that *Adams v. United States*, 317 U.S. 269 (1942), contains "legal dicta that suggest[s]" that "a litigant [has] the right to have an unlicensed assistant"; and that the lower court's actions thus violated her constitutional right to due process and equal protection.

This argument is unavailing because it is based on facts—that the lower court banned Price's husband from the courtroom and prohibited him from speaking to her at a status conference—that are not contained in the record. Moreover, *Adams* does not apply in this case because it concerns only the possible right of a *criminal* defendant to be represented by an unlicensed lay assistant in certain *criminal* proceedings. By contrast, our case law is clear that there is no constitutional right to effective counsel in the civil context. *Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986) (per curiam) (citations omitted). Price has not presented any case in which either the Supreme Court or this Circuit has held that a civil plaintiff has a constitutional right to the assistance of a nonattorney, and, in fact, our case law appears to have long implied exactly the opposite. *See Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) (holding, in a civil suit, that "[t]here is no constitutional guarantee that non-attorneys may represent other people in litigation"). Accordingly, we reject Price's arguments and affirm the judgment of the district court.

AFFIRMED.

3