# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2020

Lyle W. Cayce
Clerk

No. 17-41258

LORENZO ESCUDERO,

      Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:17-CV-577

Before BARKSDALE, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:*

Appellant Lorenzo Escudero challenges the dismissal without prejudice
of his claims alleging constitutional deficiencies related to both his conviction
and the conditions of his confinement. The district court dismissed his petition
because Escudero failed to comply with the Magistrate Judge's order directing
him to specify whether his lawsuit was a petition for a writ of habeas corpus

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-41258

or a civil rights lawsuit. Despite the Magistrate Judge's warning the case would be dismissed if he failed to submit either a habeas form or a 42 U.S.C. § 1983 form within 30 days, Escudero responded only by denouncing the deficiency order for making unconscionable and unconstitutional demands of him.

Federal Rule of Appellate Procedure 28 provides, "[t]he appellant's brief must contain . . . a statement of the issues presented for review." Fed. R. App. P. 28(a)(5). "Despite [a] policy of liberally construing briefs of pro se litigants and applying less stringent standards to parties proceeding pro se than to parties represented by counsel, pro se parties must still brief the issues and reasonably comply with the standards of Federal Rule of Appellate Procedure 28." *Hodge v. E. Baton Rouge Par. Sheriff's Office*, 394 F. App'x 124, 126 (5th Cir. 2010). When a party fails to brief a claim, the court need not consider this claim. *Id.*; *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Fed. R. App. P. 28(a)[(8)(a)] requires that the appellant's argument contain the reasons he deserves the requested relief 'with citation[s] to the authorities, [] and parts of the record relied on.'" (quoting *Weaver v. Puckett*, 896 F.2d 126, 128 (5th Cir. 1990))). Indeed, failing to identify an error in the district court's legal analysis is the same as not appealing the judgment. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Escudero makes no effort to contest the district court's basis for dismissal. His briefing does not mention the Magistrate Judge's decision or the order requiring him to fill out either a § 1983 or a habeas form. Even construing his argument liberally, nothing in either the initial or the supplemental brief can fairly be read as relating to the basis for the district court's dismissal. Because Escudero has not complied with Rule 28, his appeal fails. *See generally McGee v. Sturdivant*, 628 F. App'x 317, 317–18 (5th Cir. 2016); *Cooper v. Wilkinson*, 547 F. App'x 558, 559 (5th Cir. 2013).

No. 17-41258

Accordingly, the judgment of the district court is AFFIRMED.