# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2023

Lyle W. Cayce
Clerk

No. 22-40730
Summary Calendar
_____

KA'SANDRA NELSON, *Individually and on behalf of her mentally ill son*
HUBERT LAKE JR. *as next friend*, AN *inmate in the Smith County Jail*,

*Plaintiff—Appellant*,

*versus*

SMITH COUNTY; SMITH COUNTY JAIL; THE CITY OF TYLER, TEXAS; JIMMY TOLER, *Police Chief, Tyler Police Department*; DAVID HALL, *Sergeant, Tyler Police Department*; BRADLEY SMITH; LANCE PARKS,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:21-CV-411

_____

Before HAYNES, ENGELHARDT, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Ka'Sandra Nelson filed a pro se complaint in which she asserted civil rights claims as next friend on behalf of her mentally incompetent son,

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Hubert Lake, Jr.  This district court dismissed the action without prejudice. Nelson has now filed a motion for authorization to proceed in forma pauperis (IFP) on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith because Nelson will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Most of Nelson's brief is devoted to the merits of claims stemming from events involving her son.  She fails to raise any argument that challenges the district court's dispositive procedural determination that, as a pro se litigant, she cannot maintain suit on behalf of her son, nor does Nelson meaningfully dispute the district court's implicit treatment of her complaint as raising claims solely on her son's behalf.  Nelson has therefore abandoned these issues.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

To the extent that Nelson merely lists or identifies issues, without including any supporting arguments in the body of her brief, those issues are considered abandoned.  *See Weaver v. Puckett*, 896 F.2d 126, 128 (5th Cir. 1990).  To the extent that Nelson has adequately briefed an argument premised on the asserted failure of defendants Smith County and Smith County Jail to timely respond to her civil action, and the refusal of the district court to enter a default judgment because of the lack of a timely response, her argument is not supported by the record, which demonstrates that these defendants timely filed a Federal Rule of Civil Procedure 12(b)(6) motion, which postposed the date for filing a responsive pleading. *See* Fed. R. Civ. P. 12(a)(4)(A).

Finally, Nelson asserts that the district court may have been biased against her because she is handicapped, indigent, and a member of a racial

No. 22-40730

minority.  Her conclusory assertions of bias are insufficient.  *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).  In any event, Nelson's argument is based on nothing more than the district court's adverse rulings, which, except in circumstances that are not present here, are insufficient to show judicial bias.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

In view of the foregoing, Nelson fails to show that she will present a nonfrivolous issue on appeal.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, Nelson's motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED.  *See* 5TH CIR. R. 42.2.