# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10806
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 30, 2024

Lyle W. Cayce
Clerk

Phile Andra Watson,

*Plaintiff—Appellant*,

*versus*

FedEx Express,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-1738

---

Before Davis, Ho, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Phile Andra Watson, appeals the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of his discrimination and retaliation claims against his former employer, Federal Express ("FedEx"). We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10806

**I.**

Watson alleges the following in his operative complaint, which we must accept as true at the pleadings stage: Watson worked for FedEx between 2019 and 2020.  Beginning in February of 2019, two FedEx employees harassed Watson on account of his status as a veteran.  Watson tried to report the harassment to his manager but was unable to file a complaint.  As a result of his attempt to report the "veteran status harassment," FedEx's human resources department suspended Watson.  When Watson returned from his suspension, he continued to experience worsening harassment from his co-workers, which caused him to experience anxiety, panic attacks, and ultimately to fear for his life.  In April of 2019, Watson took a leave of absence because of his deteriorating mental health.

From May through October of 2019, after being cleared by his doctor, Watson repeatedly attempted to return to work, but each time FedEx refused to terminate his leave of absence.  Specifically, one advisor, Myriam Rayne, required Watson to complete his psychiatric treatments before she would permit him to return to work.  On October 9, 2019, FedEx approved Watson to return to work, even though Watson was "under some strong meds."  Upon Watson's return, Rayne continued to harass him and disclosed his confidential medical information to FedEx's management.  On December 2, 2019, Watson met with his manager to discuss his complaints regarding sex discrimination, retaliation, harassment, and favoritism, but these complaints were ultimately ignored.  He additionally had meetings with his supervisors about his poor attendance record and performance.

On December 13, Watson had a meeting with management during which he explained his need for an accommodation and recounted the instances of "[h]arassment, [d]iscrimination/unfairness, [and] retaliation" that he continued to experience.  During this meeting, Watson was granted

2

an accommodation for his insomnia and was transferred to the "heavyweight department" for the early evening shift. Despite this agreement, by January 7, 2020, Watson still had not received the job accommodation promised to him, and instead his supervisors modified the accommodated position in an effort to make Watson's life and job harder.

Throughout the following month and a half, Watson had various disputes with his supervisors about his attendance. The emotional stress of the situation resulted in Watson checking back into the hospital for anxiety, depression, and insomnia. In February of 2020, FedEx investigated Watson's attendance, and ultimately terminated Watson for his allegedly poor performance and attendance.

Following his termination, Watson, proceeding *pro se*, sued FedEx in federal district court, alleging claims under the Americans with Disabilities Act of 1990 ("ADA") for a hostile work environment, disability discrimination, failure to accommodate, and retaliation. Watson subsequently requested leave to file an amended complaint which reasserted his prior claims and added a claim for discrimination based on his status as a military veteran. The district court granted Watson's motion but limited his proposed amended complaint—which included over 300 pages—to only his "factual allegations without attached emails, communications, and other documents."

FedEx moved to dismiss Watson's amended complaint under Rule 12(b)(6). The magistrate judge recommended the dismissal of Watson's claims with prejudice, reasoning that the court had already granted Watson

No. 23-10806

leave to amend and that he had pleaded his "best case."[1]  In so concluding, the magistrate judge did not consider attachments to Watson's opposition because they were outside the pleadings and not central to his claims.  The district court accepted the magistrate judge's recommendation, and overruled Watson's objections.  Watson filed a timely notice of appeal.

## II.

We review a district court's grant of a motion to dismiss for failure to state a claim *de novo*, accepting as true "all well-pled facts" and "construing all reasonable inferences in the complaint in the light most favorable to the plaintiff."[2]  "But we do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[3]  To withstand a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."[4]

Although we construe a *pro se* litigant's brief liberally, the litigant "must still brief the issues and reasonably comply with the standards of Rule 28" of the Federal Rules of Appellate Procedure.[5]  Watson's brief on appeal consists of disjointed allegations, record citations to documents excluded by the district court, and conclusory statements that FedEx violated the law.  However, construed liberally, we understand Watson to contend the district

---

[1] A "district court does not err in dismissing a pro se complaint with prejudice if the court determines the plaintiff has alleged his best case."  *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam) (citation omitted).

[2] *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021) (citations omitted).

[3] *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (internal quotation marks and citation omitted).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) (citation omitted).

court erred in dismissing his ADA claims for discrimination, hostile work environment, failure to accommodate, and retaliation.  As such, we limit our review to the district court's dismissal of these claims,[6] and conclude that the court correctly held that Watson failed to state a claim under the ADA.

As it pertains to Watson's discrimination claim, the district court held that his amended complaint did not plausibly allege any of the elements of a *prima facie* case of discrimination under the ADA.[7] On appeal, Watson again asserts that FedEx discriminated against him, but fails to identify any particular error in the district court's analysis.  By failing to brief any challenge to the district court's reasoning for dismissing his discrimination claim, Watson has waived any such argument.[8]

We next consider Watson's hostile-work-environment claim.  "To establish a hostile-work-environment claim under the ADA, [Watson] must

_____

[6] *See Norris v. Causey*, 869 F.3d 360, 373 n.10 (5th Cir. 2017) (noting that "a failure to adequately brief an issue constitutes abandonment" (citing *Weaver v. Puckett*, 896 F.2d 126, 128 (5th Cir. 1990))); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (requiring even *pro se* litigants to brief arguments in order to preserve them).

[7] Under the *McDonnell-Douglas* burden-shifting framework for cases relying on circumstantial evidence of discrimination, a plaintiff makes out a *prima facie* case of discrimination by showing: "(1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability." *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (internal quotation marks and citation omitted).  Although Watson "did not have to submit evidence to establish a prima facie case of discrimination at th[e motion to dismiss] stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) (citations omitted).

[8] *Norris*, 869 F.3d at 373 n.10; *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that a *pro se* litigant's brief that recited the "familiar rules governing our review of summary judgments, without even the slightest identification of any error in [the district court's] legal analysis or its application to [plaintiff's] suit . . . is the same as if he had not appealed that judgment").

No. 23-10806

show that: (1) he belongs to a protected group, (2) was subject to unwelcome harassment (3) based on his disability, (4) which affected a term, condition, or privilege of employment, and (5) [FedEx] knew or should have known of the harassment and failed to take prompt, remedial action."[9] The alleged harassment "must be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment."[10] In determining whether the alleged harassment is "sufficiently pervasive or severe," this Court considers several factors, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[11]

The district court dismissed Watson's hostile-work-environment claim on the grounds that his amended complaint provided "no specific instances of harassment" and therefore included no detail on "the severity or pervasiveness of harassment by employees." On appeal, Watson disputes this conclusion, asserting that "two peers" harassed him and that the harassment was "severe or pervasive (toxic work environment)."

As recognized by the district court, Watson's complaint recites the elements of a hostile-work-environment claim, but crucially lacks any factual allegations pertaining to the underlying instances of harassment. Rather than identifying the relevant conduct, Watson's complaint vaguely refers to "the harassment" or "[h]arassment (Performance)." Because Watson has failed to allege any specific instance of harassment, and instead relies on

---

[9] *Thompson v. Microsoft Corp.*, 2 F.4th 460, 470–71 (5th Cir. 2021) (citation omitted).

[10] *Id.* at 471 (internal quotation marks and citations omitted).

[11] *Id.* (internal quotation marks and citations omitted).

"conclusory allegations or legal conclusions masquerading as factual conclusions," he has not stated a plausible claim for relief.[12]  The district court did not err in dismissing Watson's hostile-work-environment claim.

Next, Watson appeals the dismissal of his failure-to-accommodate claim, asserting that FedEx "[n]eglected" his request for a reasonable accommodation.  "To establish a failure to accommodate claim, the plaintiff must show that: (1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations."[13]  In his complaint, Watson asserts that he is disabled on account of his "[a]nxiety/stress/depression, [and] insomnia," and that FedEx was aware of this disability.  However, his complaint concedes that FedEx granted him an accommodation—an early evening shift—and that he "was granted the accommodation [the] same day 12-13-19."  Confusingly, Watson's complaint elsewhere asserts that his managers "ignored the reasonable accommodation," and delayed providing him the accommodated position for months.

The district court reasoned that in light of Watson's admission that he received an accommodation, his "conflicting allegations do not evince conduct to plausibly allege that FedEx acted in bad faith or that there was unreasonable delay in providing any accommodation," and Watson failed to "provide any factual support to show his accommodation was unreasonable."  We agree.  Watson's assertions in his complaint and appellate brief regarding his failure-to-accommodate claim are contradictory

---

[12] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation marks and citation omitted).

[13] *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 442 (5th Cir. 2017) (internal quotation marks and citation omitted).

and largely incomprehensible. And even liberally construed, Watson's allegations are wholly conclusory and devoid of the factual allegations necessary to withstand a motion to dismiss.[14] Accordingly, the district court correctly dismissed Watson's failure-to-accommodate claim.

Finally, we address Watson's retaliation claim. "To establish a prima facie case of retaliation under the ADA . . . , a plaintiff must show that (1) []he participated in an activity protected under the statute; (2) h[is] employer took an adverse employment action against h[im]; and (3) a causal connection exists between the protected activity and the adverse action."[15] The district court dismissed Watson's retaliation claim because he did not plausibly allege a causal connection between his alleged protected activity and his termination.

In his amended complaint, Watson states that he was "terminated for poor Attendance." And, although Watson's complaint labeled various other communications and actions by his supervisors as "retaliation," he failed to include the factual details necessary to plausibly show a causal connection between his protected activities and alleged adverse employment actions. Accordingly, Watson has not plausibly alleged an ADA retaliation claim.

Based on the foregoing, the district court's judgment is AFFIRMED.

_____

[14] *See Doe v. Robertson*, 751 F.3d 383, 387 (5th Cir. 2014) ("A complaint must fail if it offers only naked assertions devoid of further factual enhancement." (internal quotation marks and citation omitted)).

[15] *Feist v. La., Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (citations omitted).