# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2024

Lyle W. Cayce

Clerk

No. 23-20355
Summary Calendar

———————————

Chemeka N. Alexander,

*Plaintiff—Appellant*,

*versus*

McCarthy & Holthus L.L.P.; Sandra L. Dasigenis;
Michael Minicilli; Guild Mortgage Company; Ryse
Investments L.L.C.,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-2920

———————————————————————

Before Elrod, Haynes, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Chemeka N. Alexander seeks to proceed in forma pauperis on appeal from the dismissal of her claims against defendants McCarthy & Holthus L.L.P., Guild Mortgage Company, and Ryse Investments L.L.C. The district court determined that Alexander's amended complaint failed to state a claim

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

upon which relief can be granted, and it dismissed her claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

By moving to proceed IFP in this court, Alexander challenges the district court's certification that her appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry is "limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

"The failure-to-state-a-claim inquiry typically focuses on whether the plaintiff plausibly alleges the elements of a claim." *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although Alexander nominally raises four issues for appeal in her brief, she fails to establish that the factual allegations of her complaint plausibly allege the elements of any claim raised in her amended complaint, nor does she make a cogent argument that the district court erred in dismissing her action for failure to state a claim upon which relief may be granted. To the extent Alexander argues that the district court failed to dispose of claims raised in her pleadings, her contentions fail, as claims not specifically addressed by the district court are "implicitly denied with the entry of final judgment." *Babb v. Dorman*, 33 F.3d 472, 476 n.6 (5th Cir. 1994). Further, to the extent that Alexander merely lists issues in her IFP motion, without providing briefing, her presentation is insufficient and the issues are considered abandoned. *See Weaver v. Puckett*, 896 F.2d 126, 128 (5th Cir. 1990).

No. 23-20355

Because Alexander has not demonstrated that there is a nonfrivolous issue for appeal, her motion to proceed IFP is DENIED, and her appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; *see also* 5th Cir. R. 42.2.