# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 24, 2025

Lyle W. Cayce
Clerk

No. 25-40018

Joe Holbert,

*Plaintiff—Appellant*,

*versus*

Thompson Industrial Service, L.L.C.; Clean Harbors Environmental; Steel Dynamics, Incorporated, *Sinton Division*; Louis Garcia; Michael Pena; James Cabler; Ernest Mungia; George Gomez; David Wiggians; Montana Wiggians; Matthew,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:24-CV-68

---

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Appellant Joe Holbert, proceeding pro se, appeals the dismissal of his employment discrimination and hostile work environment claims under Title

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40018

VII.[1]  The district court dismissed Appellant's claims for failure to state a claim under 28 U.S.C. § 1915 and Rule 12(b)(6).  We AFFIRM.

Appellee argues that Appellant did not present any issue on appeal contesting the merits of the dismissal, and has therefore waived review.  Our court liberally construes briefs of pro se litigants, but pro se parties must still brief the issues and reasonably comply with Federal Rule of Appellate Procedure 28.  *Hodge v. E. Baton Rouge Par. Sheriff's Off.*, 394 F. App'x 124 (5th Cir. 2010).  However, we have declined to dismiss an appeal on waiver alone when the plaintiff's brief contains some assertion of trial court error. *Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 n.1 (5th Cir. 1983); *see also Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995) (noting we have "considered a *pro se* appellant's brief despite its technical noncompliance with the Rules of Civil Procedure when it at least argued *some* error on the part of the district court").

Nevertheless, dismissal of the Appellant's claims was still proper.  We review the dismissal of a claim under 28 U.S.C. § 1915(e)(2)(B) de novo, applying the same standards used for a Rule 12(b)(6) dismissal.  *Legate v. Livingston*, 822 F.3d 207 (5th Cir. 2016).  Complaints that contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must survive a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly* 550 U.S. 544 (2007)).  In order for a claim to have facial plausibility, the plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

---

[1] Appellant uses "Halbert" throughout the briefing and notes that "Holbert" is an alternative spelling.

No. 25-40018

Here, Appellant raises factual allegations for the first time on appeal despite being offered multiple opportunities to support his claim through an amended complaint and more definite statement or in response to the motion to dismiss. Holbert's "added amendment" filed before the district court failed to allege key elements of each of his claims. Accordingly, dismissal for failure to state a claim was proper.

Appellant also raises two discovery issues on appeal. Holbert argues that the district court erred by not assisting him in preserving and subpoenaing video evidence. Holbert also argues that the district court erred by not assisting him with the subpoenaing of certain witnesses. However, Holbert's argument that the district court erred by dismissing his claims without assisting him in discovery is unavailing because 28 U.S.C. § 1915(e)(2) permits a district court to dismiss the case "at any time" if it fails to state a claim.

Accordingly, the judgment of the district court is AFFIRMED.