# United States Court of Appeals
# for the Fifth Circuit

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 10, 2026

Lyle W. Cayce
Clerk

No. 25-40238

—————————

Kennard Crow,

*Plaintiff—Appellant*,

*versus*

HCL America Technologies, Incorporated,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:22-CV-749

———————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Appellant Kennard Crow, proceeding pro se, appeals the denial of his motions for default judgment and grant of summary judgment dismissing his various claims. The district court found that no genuine dispute of material fact existed with respect to Crow's claims for hostile work environment and sex discrimination, defamation, race discrimination, age discrimination, and

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40238

retaliation, and dismissed all claims with prejudice except for his hostile work environment and sex discrimination claims. We AFFIRM.

Appellee argues that Appellant has abandoned and waived any challenge to the district court's rulings on his motion for default judgment and dismissal of his claims in the final judgment. Our court liberally construes briefs of pro se litigants, but pro se parties must still brief the issues and reasonably comply with Federal Rule of Appellate Procedure 28 to contain a statement of the issues and an argument. *Hodge v. E. Baton Rouge Par. Sheriff's Off.*, 394 F. App'x 124, 126 (5th Cir. 2010). We have declined to dismiss a pro se appeal on waiver alone when the appellant's brief contains some argument of trial court error. *Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 n.1 (5th Cir. 1983); *see also Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995) (noting we have "considered a *pro se* appellant's brief despite its technical noncompliance with the Rules of Civil Procedure when it at least argued some error on the part of the district court").

Crow's brief contains no such argument and legal authority for district court error and generally restates the factual basis for his claims. Accordingly, the judgment of the district court is AFFIRMED.