# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-30717
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2026

Lyle W. Cayce
Clerk

Jimmy Lee Vernon, Jr.,

*Plaintiff—Appellant*,

*versus*

Earnestine Lark,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:25-CV-1415

———————————————————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:*

Jimmy Lee Vernon, Jr., California prisoner # P48706, appeals the dismissal, as frivolous under 28 U.S.C. § 1915(e)(2), of his civil action against Earnestine Lark, stemming from the Louisiana succession of his late father's

————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

estate.  Finding no abuse of discretion by the district court, we affirm.  *See Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999).

The district court correctly determined that it lacked subject-matter jurisdiction over Vernon's suit.  Vernon's complaint did not plead a right to recover under federal law, *see* 28 U.S.C. § 1331; *La. Indep. Pharmacies Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 478 (5th Cir. 2022), and the record establishes that at the time Vernon filed his complaint, both he and Lark were citizens of California, *see* 28 U.S.C. § 1332; *Storey Mountain, L.L.C. v. JPMorgan Chase Bank, N.A.*, 159 F.4th 294, 295 (5th Cir. 2025).  As such, this case presents neither a federal question nor diverse parties.  And Vernon cites no authority, nor are we aware of any, predicating state citizenship, for jurisdiction purposes, on a party's being the executor for a decedent resident in the state.  *See generally* Fed. R. App. P. 28(a)(8)(A); *Weaver v. Puckett*, 896 F.2d 126, 128 (5th Cir. 1990).  Because the requirements for subject-matter jurisdiction were not met, Vernon's reliance on *Akin v. Louisiana National Bank of Baton Rouge*, 322 F.2d 749 (5th Cir. 1963), is misplaced.

The judgment is AFFIRMED.